United States District Court
Southern District of Texas
FILED

NOV 1 3 2003

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

CENTROS COMERCIALES
SORIANA, S.A. de C.V.

        Plaintiff,

        v.

TAI SUN LEE d/b/a
SORIANA

        Defendant

Civil Action No.: **B - 0 3 - 2 0 8**

Jury

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Centros Comerciales Soriana, S.A. de C.V. ("Plaintiff"), through its attorneys, complaining of Defendant Tai Sun Lee d/b/a Soriana ("Defendant") alleges:

## NATURE OF ACTION

1.    Plaintiff brings this suit to obtain redress for Defendant's acts of service mark infringement, unfair competition and dilution arising out of Defendant's unauthorized use of the Plaintiff's service mark SORIANA.

2.    Plaintiff asserts claims for (i) infringement of Plaintiff's federally registered service mark, in violation of Section 32(1) of the Lanham Trademark Act, 15 U.S.C. § 1114(1); (ii) use in commerce of false representations, descriptions and designations of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) infringement of Plaintiff's service mark, in violation of the common law of the State of Texas; (iv) unfair competition, in violation of the common law of the State of Texas; and (v) dilution, in violation of Tex. Bus. & Com. Code Ann. § 16.29 (2003).

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and § 1338(a) and (b), and 15 U.S.C. § 1121(a). Because this case is a civil action between a citizen of

the United States and a citizen of Mexico in which the value of the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332. Supplemental jurisdiction over the causes of action under Texas state law is proper as these causes of action are substantially related to those causes of action over which the court has original jurisdiction, pursuant to 28 U.S.C. § 1367.

4.     Venue in this district is proper pursuant to 28 U.S.C. § 1391. Upon information and belief, Defendant is doing and transacting business within, and has committed the tortious acts complained of in, this judicial district.

## PARTIES

5.     Plaintiff is a Mexico corporation with a principal place of business at Alejandro de Rodas 3102-A Cumbres 8 Sector, Monterrey, N.L. Mexico C.P. 64610.

6.     Upon information and belief, Defendant is an individual doing business under the name "Soriana" with an address of 1215 East Elizabeth Street, Brownsville, Texas 78520. Upon information and belief, Defendant's actions that are the subject of this suit took place within the State of Texas and this judicial district.

## FACTS COMMON TO ALL COUNTS

PLAINTIFF

7.     Plaintiff owns and operates one of the largest retail convenience store chains in Mexico under the service mark SORIANA, with approximately 119 retail stores in 43 Mexican cities. Since at least 1905, Plaintiff has continuously used its SORIANA service mark to identify its retail convenience store services. Since at least 1998, Plaintiff has continuously advertised and promoted its retail convenience store services under the SORIANA mark to customers in the United States, including but not limited to customers in Brownsville, Texas and the surrounding areas. Plaintiff does substantial business with customers in the United States.

2

8.    Plaintiff is the owner of United States Federal Service Mark Registration No. 2,713,729 for its SORIANA service mark. A copy of this registration taken from the United States Patent and Trademark Office database is attached hereto as Exhibit 1. This registration covers the following services: "retail store services, namely, convenience stores." This registration is valid and subsisting.

9.    Plaintiff operates a web site at *soriana.com* on which it promotes and advertises its retail convenience store services to customers, including customers in the United States. The service mark SORIANA is displayed prominently throughout this web site.

10.    Plaintiff has made a considerable investment in advertising, promotion, customer service and research under its SORIANA mark on the Internet, in magazines and newspapers directed to customers, including customers in the United States.

11.    By virtue of Plaintiff's extensive and long use, advertising and promotion, and sale of its retail convenience store services in Mexico and the United States, the SORIANA mark has become well-known in both the United States and Mexico as an indicia of origin for Plaintiff's services.

12.    As a result of the care and skill exercised by Plaintiff in the conduct of its business and the uniformly high quality of its services offered under its SORIANA mark, Plaintiff's mark has acquired an excellent reputation in its market and among persons who seek retail convenience store services, who recognize the mark and name SORIANA as identifying the services of Plaintiff exclusively. SORIANA is thus an extremely valuable symbol of Plaintiff's business and goodwill.

13.    Plaintiff has been diligent in protecting its SORIANA mark in the United States and Mexico.

DEFENDANT

14.    Upon information and belief, Defendant offers retail store services under the

3

name "Soriana" in Brownsville, Texas.

15.    Upon information and belief, Defendant promotes its services in the same media and through the same trade channels as does Plaintiff.

16.    Upon information and belief, Defendant's adoption and use of "Soriana" occurred long after Plaintiff's first use in commerce in the United States of its SORIANA mark, long after Plaintiff's filing of a federal service mark application in the United States for that mark, and long after that mark became distinctive and well-known.

17.    Defendant is not licensed by Plaintiff to use the SORIANA name and mark, and at all relevant times was not authorized by Plaintiff, or any authorized agent of Plaintiff, to use SORIANA.

18.    On February 19, 2003, Plaintiff's counsel sent Defendant a cease and desist letter informing Defendant that its use of "Soriana" constituted willful infringement of Plaintiff's rights in its SORIANA mark, as well as passing off and unfair competition under the Lanham Act. On or about February 25, 2003, Defendant contacted Plaintiff's counsel stating that Defendant would cease using the name "Soriana." On March 24, 2003, Plaintiff's counsel sent Defendant a letter requesting confirmation that Defendant had ceased all use of "Soriana." On April 7, 2003, Defendant's counsel sent Plaintiff's counsel a letter requesting more information on Plaintiff's use of the SORIANA mark. On May 19, 2003, Plaintiff's counsel provided further information on Plaintiff's use of the SORIANA mark, and requested that Defendant immediately confirm that it has ceased all use of "Soriana." After receiving no response, on June 23, 2003, Plaintiff's counsel sent a letter to Defendant's counsel again asking for confirmation that Defendant has ceased all use of "Soriana." Defendant and its counsel have failed to respond, and upon information and belief, Defendant continues to wrongfully use the name "Soriana" in connection with its retail store services. This action accordingly followed.

19.    Pursuant to 15 U.S.C. § 1072, Defendant is trading on the registered mark

SORIANA with constructive notice of Plaintiff's application and subsequent registration

therefor. Defendant has been on actual notice of Plaintiff's mark and objection to Defendant's

use of "Soriana" since at least February 19, 2003.

20.    By engaging in this conduct, Defendant has acted in knowing, intentional and

callous disregard of the laws protecting Plaintiff's goodwill and service mark, and has confused

and deceived, or is likely to confuse and deceive, the consuming public as to the source and

sponsorship of the services. Plaintiff has no control over the quality of Defendant's services.

By its wrongful conduct, Defendant trades upon and diminishes Plaintiff's goodwill. Defendant

is currently engaged in such use and unless enjoined by this Court will continue such use.

Plaintiff's goodwill is being irreparably injured by Defendant and the injury cannot be remedied

by monetary award alone.

## COUNT I
### (Federal Service Mark Infringement)
### (15 U.S.C. § 1114(1))

21.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-20

of this Complaint as though the same were fully rewritten herein.

22.    Upon information and belief, the acts herein alleged are being committed with the

intent and purpose of creating a likelihood of confusion and appropriating and trading upon

Plaintiff's considerable goodwill and reputation. By the acts herein alleged, Defendant has

infringed and continues to infringe upon Plaintiff's registered service mark within the meaning

of 15 U.S.C. § 1114(1).

23.    Defendant's acts have been willful and with full knowledge of Plaintiff's rights in

its SORIANA service mark, and Defendant continues to act willfully and intentionally

notwithstanding Defendant's actual and constructive knowledge of Plaintiff's rights in the

SORIANA service mark.

24.    Plaintiff has been and continues to be damaged by, and Defendant has profited

5

and continues to profit from, Defendant's willful conduct.

      25.    The foregoing acts of Defendant will continue unless enjoined by this Court. Plaintiff's goodwill is being irreparably injured by Defendant, and the injury cannot be remedied by monetary award alone.

**COUNT II**
**(Federal Unfair Competition)**
**(15 U.S.C. § 1125(a))**

      26.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-25 of this Complaint as though the same were fully rewritten herein.

      27.    Upon information and belief, Defendant's aforesaid practices and the use of Plaintiff's service mark are calculated to deceive and do and will deceive and cause the general purchasing public into accepting and/or buying Defendant's services in the mistaken belief that they emanate from Plaintiff, and/or that Defendant's services possess features or qualities which they do not possess, and/or that Plaintiff has approved, sponsored, endorsed or is otherwise associated with Defendant's services or their source when it has not.

      28.    By its aforesaid wrongful acts, Defendant has falsely designated the origin, quality and nature of its services and business and has falsely described and represented same, causing a likelihood of confusion and constituting unfair competition in violation of 15 U.S.C. §1125(a).

      29.    Defendant's acts have been willful and with full knowledge of Plaintiff's rights in its SORIANA service mark, and Defendant continues to act willfully and intentionally notwithstanding Defendant's actual and constructive knowledge of Plaintiff's rights in the SORIANA service mark.

      30.    Plaintiff has been and continues to be damaged by, and Defendant has profited and continues to profit from, Defendant's willful conduct.

      31.    The foregoing acts of Defendant will continue unless enjoined by this Court.

6

Plaintiff's goodwill is being irreparably injured by Defendant, and the injury cannot be remedied by monetary award alone.

## COUNT III
### (Common Law Infringement)

32.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-31 of this Complaint as though the same were fully rewritten herein.

33.     Upon information and belief, the acts herein alleged are being committed with the intent and purpose of creating a likelihood of confusion and appropriating and trading upon Plaintiff's considerable goodwill and reputation.  By the wrongful acts herein alleged, Defendant has infringed and continues to infringe upon Plaintiff's service mark within the meaning of the common law of the State of Texas.

34.     Defendant's acts have been willful and with full knowledge of Plaintiff's rights in its SORIANA service mark, and Defendant continues to act willfully and intentionally notwithstanding Defendant's actual and constructive knowledge of Plaintiff's rights in the SORIANA service mark.

35.     Plaintiff has been and continues to be damaged by, and Defendant has profited and continues to profit from, Defendant's willful conduct.

36.     The foregoing acts of Defendant will continue unless enjoined by this Court. Plaintiff's goodwill is being irreparably injured by Defendant, and the injury cannot be remedied by monetary award alone.

## COUNT IV
### (Common Law Unfair Competition)

37.     Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-36 of this Complaint as though the same were fully rewritten herein.

38.     By its aforesaid wrongful acts, Defendant has falsely designated the origin, quality and nature of its services and business and has falsely described and represented same,

7

causing a likelihood of confusion and constituting unfair competition in violation of the common

law of the State of Texas.

39.    Defendant's acts have been willful and with full knowledge of Plaintiff's rights in

its SORIANA service mark, and Defendant continues to act willfully and intentionally

notwithstanding Defendant's actual and constructive knowledge of Plaintiff's rights in the

SORIANA service mark.

40.    Plaintiff has been and continues to be damaged by, and Defendant has profited

and continues to profit from, Defendant's willful conduct.

41.    The foregoing acts of Defendant will continue unless enjoined by this Court.

Plaintiff's goodwill is being irreparably injured by Defendant, and the injury cannot be remedied

by monetary award alone.

**COUNT V**
**(Dilution Under Tex. Bus. & Com. Code Ann. § 16.29)**

42.    Plaintiff repeats and realleges all of the allegations contained in paragraphs 1-41

of this Complaint as though the same were fully rewritten herein.

43.    Plaintiff's SORIANA service mark, as set forth in the preceding paragraphs

hereof, is distinctive and well-known, has been used in the United States and Mexico and is

well-known to the trade and members of the purchasing public.  The public generally associates

and identifies Plaintiff's service mark with Plaintiff exclusively.

44.    Defendant's use of SORIANA occurred after Plaintiff's mark become well-

known and distinctive, and constitutes dilution of Plaintiff's service mark in that such conduct

dilutes the distinctive quality of said mark by diminishing Plaintiff's ability to have its service

mark identify and distinguish its services alone in violation of Tex. Bus. & Com. Code Ann. §

16.29.

45.    Defendant's acts have been willful and with full knowledge of Plaintiff's rights in

its SORIANA service mark, and Defendant continues to act willfully and intentionally

8

notwithstanding Defendant's actual and constructive knowledge of Plaintiff's rights in the SORIANA service mark.

46.    Plaintiff has been and continues to be damaged by, and Defendant has profited and continues to profit from, Defendant's willful conduct.

47.    The foregoing acts of Defendant will continue unless enjoined by this Court. Plaintiff's goodwill is being irreparably injured by Defendant, and the injury cannot be remedied by monetary award alone.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A.    That Defendant, its officers, agents, servants, employees, attorneys, confederates, successors, assigns and all other persons in active concert or participation with it be enjoined, at first preliminary and thereafter permanently, from making any use of Plaintiff's service mark or variations thereof, in any manner whatsoever;

B.    That Defendant, its officers, agents, servants, employees, attorneys, confederates, successors, assigns and all other persons in active concert or participation with it be enjoined, at first preliminary and thereafter permanently, from:

1.    Using Plaintiff's service mark or any name confusingly similar thereto in any manner that is likely to cause confusion or deceive the public as to the relationship between Plaintiff and Defendant, of Plaintiff's endorsement of Defendant's services or the quality thereof, of Defendant's license by Plaintiff, or of Defendant's authorization to associate with Plaintiff;

2.    Otherwise infringing Plaintiff's service mark;

3.    Otherwise competing unfairly with Plaintiff.

C.    That Defendant be ordered to deliver up to Plaintiff for destruction all materials relating to Defendant's activities which bear SORIANA or any mark confusingly similar thereto;

9

D.      That Defendant be ordered to recall all advertisements and promotional materials which bear or display the word SORIANA;

E.      That Defendant be ordered to publish corrective advertising and announcements to dispel the damage caused to date by its unauthorized use of Plaintiff's mark in advertising;

F.      That Defendant be directed pursuant to 15 U.S.C. § 1116(a) to file with the Court and serve upon Plaintiff's counsel, within 30 days after entry of final judgment, a report in writing and under oath setting forth in detail the manner and form by which Defendant has complied with the provisions set forth in the above paragraphs;

G.      That Defendant be ordered to make an accounting of all monies received from sale of services obtained by using SORIANA or any other mark confusingly similar thereto and be ordered to pay its profits to Plaintiff as damages, such damages to be trebled for the willfulness of Defendant's actions pursuant to 15 U.S.C. §1117;

H.      That Defendant be ordered to pay Plaintiff's attorneys fees and costs, in view of the exceptional nature of this action, pursuant to 15 U.S.C. §1117;

I.      That Defendant be ordered to pay to Plaintiff punitive damages in an amount to be determined at trial; and

J.      Such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff demands a jury trial of all issues in this case so triable.

Date:  November 13, 2003

Respectfully submitted,

**LAW OFFICES OF FRANK COSTILLA, L.P.**
5 East Elizabeth Street
Brownsville, Texas 78520
Telephone:  (956) 541-4982
Facsimile:   (956) 544-3152

Frank Costilla
Federal I.D. No. 1509
State Bar No. 04856500
**Alejandro J. Garcia**
Federal I.D. No. 30411
State Bar No. 24004663

**OF COUNSEL:**

Jody H. Drake
Paul M. Higgins
SUGHRUE, MION PLLC
2100 Pennsylvania Avenue N.W.
Washington D.C. 20037
Tel. (202) 293-7060
Fax (202) 293-7860

Attorneys for Plaintiff Centros Comerciales Soriana, S.A. de C.V.

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

## United States Patent and Trademark Office

Reg. No. 2,713,729

Registered May 6, 2003

## SERVICE MARK
## PRINCIPAL REGISTER

# SORIANA

CENTROS COMERCIALES SORIANA, S.A. DE C.V. (MEXICO CORPORATION)
ALEJANDRO DE RODAS 3102-A CUMBRES 8 SECTOR
MONTERREY, N.L., MEXICO 64610

FOR: RETAIL STORE SERVICES, NAMELY, CONVENIENCE STORES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 0-0-1905; IN COMMERCE 0-0-1998.

SN 75-595,378, FILED 11-25-1998.

BRIDGETT SMITH, EXAMINING ATTORNEY

